Exhibit A

Case 8:21-cv-00482-DOC-DFM Document 1-1 Filed 03/15/21 Page 2 of 7 Page ID #:5
Electronically Filed by Superior Court of California, County of Orange, 01/15/2021 02:07:15 PM.
30-2021-01179117-CL-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RADIUS GLOBAL SOLUTIONS LLC; DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEBBIE MCKENNA-CAVANAUGH

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of Orange County
*(El nombre y dirección de la corte es):*
700 W. Civic Center Dr.
Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2021-01179117-CL-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367, 323-306-4234

DATE: 01/15/2021  DAVID H. YAMASAKI, Clerk of the Court   Clerk, by  *H. McMaster*, Deputy
*(Fecha)*                                                *(Secretario)*  Hailey McMaster  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Radius Global Solutions LLC**

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Case 8:21-cv-00482-DOC-DFM   Document 1-1   Filed 03/15/21   Page 3 of 7   Page ID #:6
Electronically Filed by Superior Court of California, County of Orange, 01/15/2021 02:07:15 PM.
30-2021-01179117-CL-NP-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

| | |
|---|---|
| DEBBIE MCKENNA-CAVANAUGH, | ) Case No. |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) **(Amount not to exceed $10,000)** |
| RADIUS GLOBAL SOLUTIONS LLC; DOES 1-10 inclusive, | ) 1. Violation of Rosenthal Fair Debt Collection Practices Act; and |
| Defendant. | ) 2. Violation of Federal Fair Debt Collection Practices Act |
| | ) **JURY REQUESTED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant RADIUS GLOBAL SOLUTIONS LLC's ("Defendant") violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, DEBBIE MCKENNA-CAVANAUGH ("Plaintiff"), is a natural person residing in Orange County in the state of California, and is a "debtor" as defined by the RFDCPA, Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

Complaint - 1

3. At all relevant times herein, Defendant RADIUS GLOBAL SOLUTIONS LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f), and "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and the FDCPA, 15 U.S.C. § 1692a(6).

4. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. In or around May of 2020, Plaintiff entered a payment plan with Defendant regarding her American Express Platinum Credit account ending in 7-32002.

8. Pursuant to the payment plan, Plaintiff agreed to monthly payments of $1,650 and an interest rate of 5.99%.

9. Per the terms of the payment plan, Defendant represented to Plaintiff that as long as she made her monthly payments on time, no late payment fees or penalties would be assessed.

10. Plaintiff received letters from American Express and Defendant confirming the aforementioned terms.

11. Plaintiff made all of her monthly payments in full and on time.

12. Despite this, Plaintiff was reported late on the account.

13. All of Defendant's conduct described herein was in connection with collection on an alleged debt.

14. Plaintiff notified Defendant that she was being marked as late on the account, but Defendant has not corrected the problem.

15. Defendant has continued to report Plaintiff as late on the account despite her diligence in pursuing the matter. Defendant's failure to honor its representation in the payment plan that Plaintiff would not incur any late penalties or fees has directly caused harm to her credit score.

16. Section 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

17. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

    b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

    c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f); and

    d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)).

18. As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

23. Plaintiff reserves her right under Article 1, Section 16 of the Constitution of State of California, to a trial by jury on all issues so triable and hereby demands as much.

Respectfully submitted this 14th day of January 2021.

By: *Todd M. Friedman*
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff